IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting
    under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under
    color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
    capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
    acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting  under
    color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
    of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
    under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting

under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

---

**ORDER DENYING MOTIONS AND ORDER TO SHOW CAUSE**

---

This matter arises on the following motions (the "Motions") filed by the plaintiff:

(1) **Motion for Other Service on Defendant Ray Willis Mannon** [Doc. #87, filed 2/20/09];

(2) **Motion for Service on Defendant Accredited Insurance** [Doc. #90, filed 2/24/09];

2

(3) **Motion for Status on Defendant Mannon** [Doc. #101, filed 4/2/09]; and

(4) **Motion to Terminate New Service** [Doc. #122, file 6/8/09].

On November 18, 2008, I ordered the United States Marshal to personally serve defendant Ray Willis Mannon [Doc. #6-2, p. 30].  On February 5, 2009, the Marshal filed a Process Receipt and Return which indicates that defendant Mannon could not be served because he is no longer at the address provided by the plaintiff and there is no forwarding address [Doc. #76].

The plaintiff then filed his Motion for Other Service on Defendant Ray Willis Mannon [Doc. #87], wherein he requests that defendant Mannon be served by publication pursuant to Rule 71.1(d)(3)(B), Fed.R.Civ.P.  Rule 71.1 governs proceedings to condemn real and personal property by eminent domain.  Fed.R.Civ.P. 71.1(a).  This is not an action to condemn real and personal property by eminent domain.  The plaintiff's request for service by publication is frivolous.

Subsequently, the plaintiff filed his Motion for Service on Defendant Accredited Insurance [Doc. #90].  He asserts that he contacted Accredited Insurance in Orlando, Florida, and Accredited Insurance informed him that "their agent of record pertaining to this complaint was Willis Ray Mannon."  Accredited Insurance "requested that they be formally served a copy of the complaint so they may respond" and that the complaint be served on the following individual at the following address:

        Pres: Johnny Jallad
        Accredited Insurance
        4798 New Broad Street
        Orlando, FL 32814

The plaintiff requests an order directing the United States Marshal to serve Accredited Insurance at this address. He further seeks leave to amend his Complaint to name Willis Ray Mannon as the agent for Accredited Insurance.

The plaintiff has named as defendants "Ray Willis Mannon, individually and d/b/a/ Jostee Bail Bonds, LLC" and "Unknown Agent, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC." Accredited Insurance is not a named defendant.[1] Therefore, the plaintiff's request to serve Accredited Insurance is denied.

The plaintiff seeks leave to amend the Complaint to substitute Willis Ray Mannon in place of the John Doe defendant identified in the Complaint as "Defendant, Unknown Agent, Accredited Insurance." The same person appears to be named in the Complaint as "Ray Willis Mannon, individually and d/b/a/ Jostee Bail Bonds, LLC." The request is granted.

Defendant Mannon must be personally served, however. Fed.R.Civ.P. 4(e). Although defendant Mannon has been named as a defendant since the Complaint was filed on October 20, 2008, the plaintiff has not provided his correct address and the Marshal has been unable to effect service on him.

Rule 4(m), Fed.R.Civ.P., provides in part:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the

---

[1] There is no "official capacity" for defendants who are not state actors. Moreover, even if Accredited Insurance were a named defendant in this action, the plaintiff has not demonstrated that Johnny Jallad is an authorized agent for purposes of accepting service.

> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on February 17, 2009. Accordingly, the plaintiff shall show cause in writing why defendant Mannon should not be dismissed from this action for failure to timely effect service upon him.

The plaintiff also filed a Motion for Status on Defendant Mannon [Doc. #101]. This motion contains only one page of text. It appears that additional pages have been inadvertently omitted. The opening paragraph of the motion requests a "status report" on Plaintiff's Motion for New Service on Defendant Mannon. No further relief is requested in the remaining paragraphs. The request for a status report is moot.

Finally, the plaintiff filed a Motion to Terminate New Service [Doc. #122]. He requests that the court "terminate his previous motion for new service on Defendant Accredited Insurance." As noted above, Accredited Insurance is not a named defendant in this case.

IT IS ORDERED that on or before **June 23, 2009**, the plaintiff shall SHOW CAUSE in writing why defendant Mannon should not be DISMISSED from this action for failure to effect service upon him.

IT IS FURTHER ORDERED that the Motion for Service on Defendant Accredited Insurance [Doc. #90] is DENIED insofar as it requests an order directing service on Accredited Insurance, and GRANTED to the extent it requests that the Complaint be amended to name Willis Ray Mannon as the agent for Accredited Insurance. The Clerk of the Court is directed to substitute Willis Ray Mannon in place of "Unknown Agent" as the agent for Accredited Insurance.

IT IS FURTHER ORDERED that the Motion for Other Service on Defendant Ray Willis Mannon [Doc. #87] is DENIED AS FRIVOLOUS.

IT IS FURTHER ORDERED that the plaintiff shall cease filing frivolous motions. Failure to comply with this order may result in sanctions, including dismissal of this case with prejudice.

IT IS FURTHER ORDERED that the Motion for Status on Defendant Mannon [Doc. # 101] is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Terminate New Service [Doc. #122] is DENIED.

Dated June 12, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge