IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting
    under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under
    color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
    capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
    acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting  under
    color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
    of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
    under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting

under color of law,

TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,

CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting under color of law,

RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,

DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,

ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,

MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,

MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,

MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,

DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,

KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,

BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,

MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity acting under color of law,

UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,

RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and

UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the plaintiff's **Motion for Summary Judgment** [Doc. #71, filed

2/2/09] (the "Motion"). I respectfully RECOMMEND that it be DENIED as frivolous.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff "requests that this Court enter a summary judgment against Defendant Rhea Babcock and the Colorado Division of Securities pursuant to F.R.C.P. 56.1(a)."  *Motion*, p. 2. He seeks the following relief from defendant Babcock and the Colorado Division of Securities:

1.   Compensatory damages in the amount of $119,638,135.00;

2.   Court costs and administrative fees;

3.   Punitive damages;

4.   Injunctive relief "barring Defendant Babcock from participating in any further governmental investigation in any capacity";

5.   Injunctive relief in the form of a "cease and desist order compelling the Colorado Division of Securities to update its website regarding erroneous information stated about Plaintiff and further to formally explain that all charges were dropped and the result of which became a federal lawsuit alleging felonious acts committed by Rhea Babcock, as agent for the Colorado Division of Securities";

6.   Injunctive relief from the Colorado Division of Securities "whereby, within 10 business days of the date hereof, publish a one page ad in the *Denver Post* and *Rocky Mountain News*, a message issuing a formal public apology for the malicious and egregious acts against Douglas Glaser, the text of which shall be reasonably approved by Plaintiff"; and

7.   Injunctive relief from the Colorado Division of Securities "whereby, within 10

business days of the date hereof, post on its website at the main home page, a message of 1 inch by 1 inch, and containing a link to a full formal apology, issuing a formal apology for the malicious and egregious acts against Douglas Glaser, the text of which shall be reasonably approved by Plaintiff.  Said message shall remain on its website for a period of 905 days." *Motion*, ¶¶ 8-14.

As the basis for his Motion, the plaintiff asserts that defendant Babcock was served by the United States Marshal on November 25, 2008, and proof of service was filed with the court on December 18, 2008.  Id. at ¶ 1.  The plaintiff further asserts that "the Court gave Defendant 20 days, until December 15, 2008, to respond to the complaint."  Id. at ¶ 2.

The Motion is deficient in several respects.  A motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The plaintiff has not established any material facts, nor has he established that he is entitled to judgment as a matter of law.

Moreover, it appears that the plaintiff is attempting to move for a default judgment, not summary judgment.  Rule 55(a), Fed.R.Civ.P., provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The record in this case shows that the defendant Babcock was granted an extension of time until February 23, 2009, to respond to the Complaint [Doc. #73], and there is no court order directing defendant Babcock to answer within 20 days.  Defendant Babcock filed a motion to

4

dismiss on February 18, 2008 [Doc. #81].  Therefore, defendant Babcock is not in default.  Even

if she were in default, judgment could not be entered against her solely on the plaintiff's Motion.

Fed.R.Civ.P. 55(b).

Finally, to the extent the plaintiff asserts that failure to timely respond to a complaint

constitutes contempt of court, the assertion is without merit.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and

file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 12, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge