IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting
      under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under
      color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
      under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
      under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
      capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
      acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting  under
      color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
      under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
      color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
      under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
      of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
      under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
      under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
      under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting

under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under
color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting
under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting
under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under
color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting
under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under
color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under
color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under
color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity
acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually
and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as
insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on the plaintiff's **Motion for Summary Judgment** [Doc. #70, filed

2/2/09] (the "Motion"). The Motion is frivolous, and I respectfully RECOMMEND that it be

DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v.

Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff "requests that this Court enter a summary judgment against Defendant Joe Joyce and the Social Security Administration pursuant to F.R.C.P. 56.1(a)." *Motion*, p. 2. He seeks the following relief from defendant Joyce and the Social Security Administration:

1. Compensatory damages in the amount of $119,638,135.00;

2. Court costs and administrative fees;

3. Punitive damages;

4. Injunctive relief "barring Defendant Joyce from participating in any further governmental investigation in any capacity";

5. Injunctive relief from the Social Security Administration "whereby, within 10 business days of the date hereof, publish a one page ad in the *Denver Post* and *Rocky Mountain News*, a message issuing a formal public apology for the malicious and egregious acts against Douglas Glaser, the text of which shall be reasonably approved by Plaintiff"; and

6. Injunctive relief from the Social Security Administration "whereby, within 10 business days of the date hereof, post on its website at the main home page, a message of 1 inch by 1 inch, and containing a link to a full formal apology, issuing a formal apology for the malicious and egregious acts against Douglas Glaser, the text of which shall be reasonably approved by Plaintiff. Said message shall remain on its website for a period of 905 days." *Motion*, ¶¶ 7-11.

As the basis for his Motion, the plaintiff asserts that defendant Joyce was served by the

3

United States Marshal on November 19, 2008, and proof of service was filed with the court on December 18, 2008. Id. at ¶ 1. The plaintiff further asserts that the court ordered defendant Joyce to file a response to the Complaint on or before January 18, 2009; Joyce did not respond to the Complaint; and Joyce is now in contempt of court. Id. at ¶ 2.

The Motion is deficient in several respects. A motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plaintiff has not established any material facts, nor has he established that he is entitled to judgment as a matter of law.

Moreover, it appears that the plaintiff is attempting to move for a default judgment, not summary judgment. Rule 55(a), Fed.R.Civ.P., provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The record in this case shows that the Summons was returned unexecuted as to defendant Joyce [Doc. #44, filed 12/24/08], and there is no court order directing defendant Joyce to answer within 60 days. Therefore, defendant Joyce is not in default.[1] Even if Joyce were in default, judgment could not be entered against him solely on the plaintiff's Motion. Fed.R.Civ.P. 55(b). Moreover, a default judgment may be entered against the Social Security Administration "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." The

---

[1] I note that although defendant Joyce has not been personally served, he has filed a Waiver of Service of Summons and Complaint [Doc. #113].

plaintiff has not set forth any evidence to support his claims for relief.

Finally, to the extent the plaintiff asserts that failure to timely respond to a complaint constitutes contempt of court, the assertion is without merit.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 12, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge