IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting
    under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under
    color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
    capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
    acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting  under
    color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
    of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
    under color of law,

JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting
    under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
    under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting
    under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under
    color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under
    color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity
    acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually
    and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as
    insurance provider for Jostee Bail Bonds, LLC.,

        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

        This matter arises on the **Honorable Judge Michael A. Martinez's Motion to Dismiss**

**Pursuant to Fed.R.Civ.Pro. 12(b)(1) and (6)** [Doc. #57, filed 1/9/09] (the "Motion").  The

plaintiff did not file a response to the Motion.[1]  I respectfully RECOMMEND that the Motion be

GRANTED and that the Complaint be dismissed as to Judge Martinez.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Complaint on October 20, 2008.  He asserts 10 claims against 33

defendants.  The plaintiff describes the background facts of his case as follows:

---

[1]The plaintiff was ordered to respond to the Motion on or before February 9, 2009 [Doc. #60].  He was granted an extension of time until April 10, 2009 [Doc. #74].  He was granted another extension of time until May 26, 2009 [Doc. #110].  He did not file a response to the Motion on or before May 26, 2009, nor did he seek any further extensions of time to respond.

1.   The plaintiff was the victim of a hit and run traffic accident on February 20, 2005. The responding Denver police officer stated that the plaintiff presented him with a United States passport in the name of Michael Douglas Glaser.  The officer further stated that when he entered the name in his computer, he did not receive a return on his query.  He then entered the plaintiff's license plate number.  Later that night, the plaintiff's residence was raided by approximately 15 Denver police officers.  *Complaint*, p. 12, first full paragraph.

2.   On February 24, 2005, the plaintiff's office was raided by various government agents. The agents had a search warrant for the fictitious passport.  Id. at second full paragraph.

3.   On September 1, 2005, the plaintiff was arrested pursuant to a 43 count indictment and held in the Denver County Jail under a $750,000 bond.  The plaintiff posted the required bond and was released from custody on October 16, 2005.  At his next scheduled court appearance on October 29, 2005, the plaintiff was remanded back into custody until he surrendered the fictitious passport.  Id. at third full paragraph.

4.   The Denver District Court placed liens on the plaintiff's property, which clouded title and blocked the sale of his residence so that he could not utilize his equity to secure private counsel.  Id. at fourth full paragraph.

5.   The plaintiff was held in the Denver County Jail for 905 days before his case was dismissed by the Denver District Court.  Id. at fifth full paragraph.

6.   While the plaintiff was in jail, he lost all of his assets and was denied bail.  Id. at sixth full paragraph.

7.   The government agents fabricated evidence and misstated material facts to judges in order to secure search warrants and imprison the plaintiff.  All of the defendants acted in concert to deprive the plaintiff of his constitutional rights.  Id. at seventh full paragraph.

Claims Four, Six, Eight, and Ten are asserted against Judge Martinez.  In Claim Four, the plaintiff alleges that on or about October 14, 2005, Judge Martinez "placed spurious liens on Plaintiff's property for the purpose of depriving Plaintiff of his equity and/or blocking sale of his property" in violation of the United States Constitution and the Colorado Constitution.  Id. at p. 29, ¶ 18.

Claim Six alleges that in violation of 42 U.S.C. §§ 1983 and 1986, Judge Martinez acted in concert with the other defendants to cause the plaintiff's arrest, prosecution, and pre-trial detention.  Further, Judge Martinez conspired to imprison the plaintiff with fabricated evidence and withheld exculpatory evidence.  Finally, he placed spurious liens on the plaintiff's property and upheld an unconstitutional condition of bond.  Id. at p. 45, ¶ 31.

Claim Eight alleges that Judge Martinez committed the state tort of intentional infliction of emotional distress because he illegally imprisoned the plaintiff with an impossible condition of bond and placed spurious liens on his property.  Id. at  p. 51, ¶ 16.

Claim Ten alleges that the defendants illegally imprisoned the plaintiff in violation of 18 U.S.C. §§ 241, 1622, and 1623.  *Complaint*, pp. 57-58.  In a separate recommendation, I have recommended that Claim Ten be dismissed as to all defendants because the federal criminal statutes do not provide for private civil causes of action.  I do not address Claim Ten here.[2]

---

[2]To the extent the plaintiff attempts to bring other claims, they are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of

The plaintiff seeks declaratory and injunctive relief; nominal damages; compensatory damages in the amount of $119,638,135.00; punitive damages; a formal apology; vacation of an earlier state conviction; costs and attorneys' fees; and appointment of a special prosecutor to investigate all of the defendants.  Id. at pp. 58-59.

### III.  ANALYSIS

### A.  Absolute Judicial Immunity

At all times pertinent to the allegations of the Complaint, Judge Martinez was a judge of the Denver District Court.  Id. at p. 10.  Judge Martinez asserts that he is entitled to absolute judicial immunity.

Judges are immune from "liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967).  Judicial immunity applies regardless of whether the judge acted maliciously or corruptly.  Forrester v. White, 484 U.S. 219, 225 (1988).  Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's judicial capacity, and (2) where the actions in question were taken in the clear absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

The plaintiff alleges that Judge Martinez "acted without jurisdiction." *Complaint*, p. 29, ¶ 18.  The Tenth Circuit Court of Appeals has stated that "we determine whether a judge performed a judicial act or acted in the clear absence of jurisdiction by looking to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994).

_____

alleging sufficient facts on which a recognized legal claim could be based").

The allegations against Judge Martinez all arise out of his actions while presiding over the plaintiff's criminal case.  Therefore, Judge Martinez was performing judicial acts, and he is entitled to absolute judicial immunity.  See id.

I am aware that a plaintiff who sues a judge may be able to recover declaratory relief despite absolute judicial immunity.  However, "not every plaintiff is entitled to this remedy." Lawrence v. Kuenhold, 271 Fed.Appx. 763, 2008 WL 822458, at *3 (10th Cir. March 27, 2008). A declaratory judgment which merely proclaims liability for a past act is not justiciable.  Id.  The plaintiff requests that the court "[d]eclare that the acts committed by defendants, contained herein, violated Plaintiff's rights under the Constitution of the United States." *Complaint*, p. 58. Under Lawrence, this type of declaratory relief is not available.  Therefore, Judge Martinez is absolutely immune from all of the plaintiff's claims against him.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED as to Judge Martinez.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated June 12, 2009.

                              BY THE COURT:

                               s/ Boyd N. Boland
                              United States Magistrate Judge