IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting under color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting

    under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
    under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting
    under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under
    color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under
    color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity
    acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually
    and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as
    insurance provider for Jostee Bail Bonds, LLC.,

    Defendants.

## ORDER

This matter arises on the plaintiff's **Motion for Reconsideration of Defendant Babcock's Dismissal** [Doc. # 137, filed 06/22/2009] (the "Motion"). The plaintiff "requests that pursuant to Fed.R.Civ.P. 59(e) this Court reconsider its order granting Defendant Babcock's Motion to Dismiss or Abstain." *Motion*, p. 1. The Motion is DENIED.

On June 12, 2009, I recommended that Defendant Babcock's Motion to Dismiss or Abstain [Doc. #81] be granted. *Recommendation of United States Magistrate Judge* [Doc. #132] (the "Recommendation"). The district judge has not acted on my Recommendation. Thus, there has been no "order granting" defendant Babcock's motion to dismiss. I construe the plaintiff's Motion as a request to reconsider my Recommendation.

The plaintiff brings his Motion pursuant to Rule 59(e), Fed. R. Civ. P. Rule 59(e) provides that a "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of a judgment." Judgment has not been entered in this case. Therefore, a Rule 59(e) motion is not appropriate.

Moreover, even if the plaintiff were seeking reconsideration of a judgment, a motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted). The plaintiff's Motion reiterates arguments already made and advances arguments that could have been raised previously.

IT IS ORDERED that the Motion is DENIED.

Dated June 25, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge