IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting
    under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under
    color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
    capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
    acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting  under
    color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
    of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
    under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting

      under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
      color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
      under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
      color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under
      color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting
      under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting
      under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting
      under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under
      color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under
      color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity
      acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually
      and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as
      insurance provider for Jostee Bail Bonds, LLC.,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on my Order to Show Cause issued on June 12, 2009 [Doc. #129]. The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. On November 18, 2008, I ordered the United States Marshal to personally serve defendant Ray Willis Mannon [Doc. #6-2, p. 30]. On February 5, 2009, the Marshal filed a Process Receipt and Return which indicates

that defendant Mannon could not be served because he is no longer at the address provided by the plaintiff and there is no forwarding address [Doc. #76].

The plaintiff then filed a Motion for Other Service on Defendant Ray Willis Mannon [Doc. #87], wherein he requested that defendant Mannon be served by publication pursuant to Rule 71.1(d)(3)(B), Fed.R.Civ.P. Because Rule 71.1 governs proceedings to condemn real and personal property by eminent domain, Fed.R.Civ.P. 71.1(a), and this is not such an action, I denied the plaintiff's request for service by publication.

The plaintiff also filed a Motion for Service on Defendant Accredited Insurance [Doc. #90]. He asserted that he contacted Accredited Insurance in Orlando, Florida, and Accredited Insurance informed him that "their agent of record pertaining to this complaint was Willis Ray Mannon." Accredited Insurance "requested that they be formally served a copy of the complaint so they may respond" and that the complaint be served on the following individual at the following address:

> Pres: Johnny Jallad
> Accredited Insurance
> 4798 New Broad Street
> Orlando, FL 32814

The plaintiff requested an order directing the United States Marshal to serve Accredited Insurance at this address. The plaintiff had initially named as defendants "Ray Willis Mannon, individually and d/b/a/ Jostee Bail Bonds, LLC" and "Unknown Agent, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC." Accredited Insurance is not a named defendant.[1]  Therefore, I denied the plaintiff's request to

---

[1] I informed the plaintiff that there is no "official capacity" for defendants who are not state actors. In addition, I informed the plaintiff that even if Accredited Insurance were a named

3

serve Accredited Insurance.

The plaintiff also sought leave to amend the Complaint to substitute Willis Ray Mannon in place of the John Doe defendant identified in the Complaint as "Defendant, Unknown Agent, Accredited Insurance." The same person appears to be named in the Complaint as "Ray Willis Mannon, individually and d/b/a/ Jostee Bail Bonds, LLC." I granted this request, and I informed the plaintiff that defendant Mannon must be personally served pursuant to Fed.R.Civ.P. 4(e). I also noted that although defendant Mannon has been named as a defendant since the Complaint was filed on October 20, 2008, the plaintiff has not provided his correct address and the Marshal has been unable to effect service on him.[2]

Rule 4(m), Fed.R.Civ.P., provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on February 17, 2009. Accordingly, pursuant to D.C.COLO.LCivR 41.1, I ordered the plaintiff to show cause in writing why defendant Mannon should not be dismissed from this action for failure to timely effect

---

defendant in this action, the plaintiff has not demonstrated that Johnny Jallad is an authorized agent for purposes of accepting service.

[2]The plaintiff also filed a Motion for Status on Defendant Mannon [Doc. #101]. This motion contained only one page of text. It appeared that additional pages had been inadvertently omitted. The opening paragraph of the motion requested a "status report" on Plaintiff's Motion for New Service on Defendant Mannon. No further relief was requested in the remaining paragraphs. I denied the request for a status report as moot. Finally, the plaintiff filed a Motion to Terminate New Service [Doc. #122]. He requested that the court "terminate his previous motion for new service on Defendant Accredited Insurance." Because Accredited Insurance was not a named defendant in this case, I denied the motion.

service upon him.

The plaintiff responded to the Order to Show Cause on June 23, 2009. *Answer to Order to Show Cause* [Doc. #136]. He "requests that this Court serve Accredited Insurance, as the company has waived service for its former agent, or alternatively, allow Plaintiff to submit a motion to substitute service for Defendant Mannon." *Answer to Order to Show Cause*, p. 4. I have already advised the plaintiff that Accredited Insurance is not a party to this action and that defendant Mannon must be personally served. The plaintiff has not provided a correct address at which defendant Mannon can be personally served and he has not shown good cause for his failure to do so.

I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE as to defendant Mannon.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 26, 2009.

BY THE COURT:

                                                     s/ Boyd N. Boland
                                                     United States Magistrate Judge