**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

       Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting under color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting under color of law,

JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,
RAY WILLIS MANNON, individually and d/b/a Jostee Bail Bonds, LLC, and
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

---

## ORDER

---

This case is before me on the Recommendation of the Magistrate Judge that the Defendant Babcock's Motion to Dismiss or Abstain (Doc 81) be granted. The recommendation was issued and served on June 12, 2009 (Doc 132). There have been no timely written objections filed as to the recommendation. Accordingly, the Plaintiff is

barred from *de novo* review.

Accordingly

IT IS ORDERED AS FOLLOWS:

1.    All state tort law claims against Defendant Babcock for failure to comply with

the notice requirements of the CGIA are DISMISSED WITH PREJUDICE;

2.    Claim Ten is DISMISSED WITH PREJUDICE as to all Defendants;

3.    Plaintiff's constitutional claims for equitable relief are DISMISSED WITHOUT

PREJUDICE; and

4.    Plaintiff's constitutional claims for monetary damages are STAYED until the

state proceeding is final.

BY THE COURT:

___s/Lewis T. Babcock_____
Lewis T. Babcock, Judge

DATED:   July 20, 2009