# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting under color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting under color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting under color of law,

JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

## ORDER

This matter is before me on the Motion of the Plaintiff for Entry of Final Judgment under Fed.R.Civ.P. 54(b) as to Defendant Rhea Babcock (Doc 161). Plaintiff separately filed his "Motion for Appeal to be Held in Abeyance" (Doc 160). Defendant Babcock has filed Response to Plaintiff's Request for Rule 54(b) Certification.

As noted in the response, Plaintiff's tort claims have been dismissed with prejudice, Plaintiff's claims for equitable relief with respect to the constitutional claims have been dismissed without prejudice and the constitutional claims have been stayed until a pending state proceeding is final (Doc 154). Plaintiff's request for Rule 54(b) Certification seeks only review of the order staying his § 1983 claims. Numerous other defendants remain and numerous other motions to dismiss have been filed and are awaiting resolution.

I conclude that a Rule 54(b) Certification will necessarily result in piecemeal litigation in this multi-defendant action. I cannot conclude that there is no just reason for delay and that Rule 54(b) Certification is appropriate in this case.

The Motion for Appeal to be Held in Abeyance appears to be premature as not Rule 54(b) Certification will enter. Accordingly

IT IS ORDERED that Plaintiff's Motion for Rule 54(b) Certification (Doc 161) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appeal to be Held in Abeyance (Doc 160) is DENIED WITHOUT PREJUDICE.

BY THE COURT:

   s/Lewis T. Babcock  
Lewis T. Babcock, Judge

DATED:   September 16, 2009