IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official
      capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
      acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting under
      color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
      under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
      color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
      under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
      of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
      under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
      color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
      under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
      under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting
      under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
      color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
      under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
      color of law,

DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on the **Motion to Dismiss by Defendants Joyce and McQueen** [Doc. #120, filed 06/08/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed his Complaint on October 20, 2008. He asserts 10 claims against 33 defendants. The plaintiff describes the background facts of his case as follows:

1. The plaintiff was the victim of a hit and run traffic accident on February 20, 2005. The responding Denver police officer stated that the plaintiff presented him with a United States passport in the name of Michael Douglas Glaser. The officer further stated that when he entered the name in his computer, he did not receive a return on his query. He then entered the

plaintiff's license plate number. Later that night, the plaintiff's residence was raided by approximately 15 Denver police officers. *Complaint*, p. 12, first full paragraph.

    2. On February 24, 2005, the plaintiff's office was raided by various government agents. The agents had a search warrant for the fictitious passport. Id. at second full paragraph.

    3. On September 1, 2005, the plaintiff was arrested pursuant to a 43 count indictment and held in the Denver County Jail under a $750,000 bond. The plaintiff posted the required bond and was released from custody on October 16, 2005. At his next scheduled court appearance on October 29, 2005, the plaintiff was remanded back into custody until he surrendered the fictitious passport. Id. at third full paragraph.

    4. The Denver District Court placed liens on the plaintiff's property, which clouded title and blocked the sale of his residence so that he could not utilize his equity to secure private counsel. Id. at fourth full paragraph.

    5. The plaintiff was held in the Denver County Jail for 905 days before his case was dismissed by the Denver District Court. Id. at fifth full paragraph.

    6. While the plaintiff was in jail, he lost all of his assets and was denied bail. Id. at sixth full paragraph.

    7. The government agents fabricated evidence and misstated material facts to judges in order to secure search warrants and imprison the plaintiff. All of the defendants acted in concert to deprive the plaintiff of his constitutional rights. Id. at seventh full paragraph.

At all times pertinent to the allegations of the Complaint, defendant Joyce was an agent for the Social Security Administration and defendant McQueen was an agent for the United States Secret Service. Id. at p. 1. Claims One, Two, Four, Five, Six, Seven, Eight, Nine, and

Ten are asserted against them. The plaintiff's claims are not clearly stated, and they are often redundant.

The claims against the defendants can be summarized as follows:[1]

In Claim One, the plaintiff alleges that on or about February 24, 2005, the defendants violated his constitutional rights by knowingly fabricating evidence to establish probable cause for search warrants. Id. at p. 15, ¶¶ 13-14.

Claim Two alleges that on or about February 20, 2005, through September 10, 2007, the defendants violated the plaintiff's constitutional rights by fabricating evidence for the purpose of establishing probable cause "to illegally procure evidence and further an investigation through the statutory Denver Grand Jury" and "utilized the fabricated evidence to illegally and unconstitutionally detain Plaintiff against his liberty." Id. at p. 23, ¶¶ 16-17.

Claim Four alleges that on or about October 14, 2005, the defendants "assisted the other defendants with the placement of spurious liens on Plaintiff's property to deprive him of the use of the property and/or its equity." Id. at p. 28, ¶¶ 13, 15.

The caption of Claim Five lists the following state law causes of action: malicious prosecution, vindictive prosecution, abuse of process, false arrest, and false imprisonment. Id. at p. 29. However, Claim Five alleges that the defendants "violated Plaintiff's constitutional rights by assisting and supervising illegal imprisonment, unconstitutional searches of Plaintiff's

---

[1] To the extent the plaintiff attempts to bring other claims, they are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

residence and office, continued confinement and committing perjury to the grand jury. . . . These egregious acts violated Plaintiff's rights secured by the U.S. Constitution." Id. at p. 31, ¶¶ 14-15.

Claim Six alleges that defendants Joyce and McQueen acted in concert with the other defendants to cause the plaintiff's arrest, prosecution, and pre-trial detention, in violation of 42 U.S.C. §§ 1985(3) and 1986.  Further, they conspired to withhold exculpatory evidence and imprison the plaintiff with fabricated evidence.  Finally, they provided false testimony to the grand jury.  Id. at pp. 38-39, ¶¶ 8-9.  By separate order I have granted the plaintiff's request to amend his Complaint to assert Claim Six solely under 42 U.S.C. § 1983.

In Claim Seven, the plaintiff alleges that each of the defendants "utilized the local media and his position of authority . . . to disseminate false information to brokerage firms, investors, and public companies to defame Plaintiff's character and slander his name." Id. at p. 47, ¶¶ 9-10.  He further alleges that the defendants "visited many local dining establishments where Plaintiff frequented, financial institutions where he conducted his business, and former friends and business associates to slander his name and defame his character."  Id.

Claim Eight alleges that the defendants committed the state tort of intentional infliction of emotional distress "by illegally imprisoning and attempting to prosecute Plaintiff with fabricated evidence, perjured testimony, continued confinement with fabricated evidence, prosecution of charges in violation of double jeopardy, statute of limitations and jurisdiction" and "intentionally contacting business associates and friends of the Plaintiff, spreading malicious and vindictive lies in attempt to destroy Plaintiff's business and reputation." Id. at  p. 50, ¶¶ 11-12.

Claim Nine allege that the defendants violated the plaintiff's constitutional rights "by committing perjury to the grand jury and misrepresenting material facts to the Denver District Court." Id. at p. 56, ¶¶ 21-22.

Claim Ten alleges that the defendants illegally imprisoned the plaintiff in violation of 18 U.S.C. §§ 241, 1622, and 1623. Id. at pp. 57-58. Claim Ten has been dismissed with prejudice as against all defendants [Doc. # 154].

The plaintiff seeks declaratory and injunctive relief; nominal damages; compensatory damages in the amount of $119,638,135.00; punitive damages; a formal apology; vacation of an earlier state conviction; costs and attorneys' fees; and appointment of a special prosecutor to investigate all of the defendants. Id. at pp. 58-59.

### III.   ANALYSIS

#### A.   Sovereign Immunity - Tort Claims

The defendants assert that the plaintiff's tort claims against Joyce and McQueen must be dismissed because a state law tort claim must be brought pursuant to the Federal Tort Claims Act ("FTCA"), and the United States is the only proper defendant under the FTCA. *Motion*, p. 23.

The plaintiff has asserted the tort claims against Joyce and McQueen. At all times pertinent to the allegations of the Complaint, these defendants were employed by the federal government. The plaintiff may not assert tort claims against individual federal employees; he must assert them against the United States of America. 28 U.S.C. § 1346(b)(1); Woodruff v. Covington, 389 F.3d 1117, 1125-26 (10th Cir. 2004) ([a]n FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment"); Wexler v. Merit Sys.

7

Prot. Bd., 986 F.2d 1432, 1993 WL 53548, at *2 (10th Cir. Feb. 17, 1993) ("[u]nder the FTCA, only the United States is a proper defendant").

The plaintiff argues that "in naming Defendants Joyce and McQueen in . . . their official capacities, he has necessarily brought this claim against the United States . . . ." *Response to Motion to Dismiss* [Doc. #147] (the "Response"), p. 15. However, the distinction between "individual" and "official" capacities is derived from § 1983 jurisprudence and is not applicable to claims under the FTCA. See Woodruff v. Covington, 389 F.3d at 1125-26.

The defendants further assert that even if the plaintiff had named the United States as a defendant, his FTCA claims would fail because he has not exhausted his administrative remedies as to these claims. The defendants are asserting a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003. In addition, determination of the notice issue does not touch on the merits of the case. See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56). See also Trinity, 848 P.2d at 924 (holding that when a public entity claims that it did not have proper notice under the CGIA, the issue must be decided as a Rule 12(b)(1) motion for lack of jurisdiction rather than a motion for summary judgment). Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

It is well-settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotations and citations omitted). The FTCA provides a limited waiver of the sovereign immunity for certain torts. See 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680.

In order to maintain a claim under the FTCA, a plaintiff must comply with several strictly construed prerequisites to suit. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended"). Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or the claim "shall be forever barred." 28 U.S.C. § 2401(b). "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA." Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991). The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 925 (Colo. 1993).

The Complaint does not allege facts demonstrating that the plaintiff exhausted his administrative remedies, and the plaintiff does not address exhaustion in his Response. The plaintiff has failed to assert his tort claims against the proper defendant, and he has failed to meet his burden to demonstrate that he exhausted his administrative remedies regarding the claims. Therefore, the Motion should be granted, and the tort claims against defendants Joyce and McQueen should be dismissed with prejudice.

### B.  Sovereign Immunity - Constitutional Claims

The defendants seek dismissal of the constitutional claims against them in their official capacities as barred by sovereign immunity.  *Motion*, pp. 3-4.  The defendants assert a facial attack on the Complaint.  Therefore, I must accept the allegations in the Complaint as true.  Holt, 46 F.3d at 1003.

"Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted).  Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  At all times pertinent to the allegations of the Complaint, defendant Joyce was an agent for the Social Security Administration and defendant McQueen was an agent for the United States Secret Service. *Complaint*, p. 1.  Therefore, suits against them in their official capacities are suits against the Social Security Administration and the United States Secret Service.  The Social Security Administration and the United States Secret Service are federal agencies.  Sovereign immunity shields the Federal Government and its agencies from suit.  Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

Claims One, Two, Four, Five, Six, and Nine allege constitutional violations pursuant to Bivens.  Bivens does not waive the sovereign immunity of federal agencies.  Federal Deposit

Insurance Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Bivens, 403 U.S. at 410. The Motion should be granted insofar as it seeks dismissal of Claims One, Two, Four, Five, Six, and Nine as against the defendants in their official capacities for lack of subject matter jurisdiction.

### C.  Younger Abstention - Constitutional Claims

Pursuant to Younger v. Harris, 401 U.S. 37 (1971), the state defendants[2] have raised the issue of whether the court should either abstain from hearing this case or stay the proceedings pending resolution of the plaintiff's state criminal proceedings.  *Defendant Babcock's Motion to Dismiss or Abstain* [Doc. #81], pp. 5-7; *Denver Defendants' Motion to Dismiss or Abstain* [Doc. #107], pp. 4-6.  I have separately recommended that the motions be granted insofar as they seek dismissal without prejudice of the plaintiff's constitutional claims for equitable relief and a stay of the plaintiff's constitutional claims for monetary damages until the state proceeding is final.[3]  Although defendants Joyce and McQueen do not raise Younger abstention, I may raise it *sua sponte* under these circumstances.  See Morrow v. Winslow, 94 F.3d 1386, 1390-92 (10th Cir. 1996).

The Tenth Circuit Court of Appeals has explained Younger abstention as follows:

> Under the Younger abstention doctrine, federal courts should not
> interfere with state court proceedings by granting equitable relief--

---

[2]The state defendants are Rhea Babcock, investigator for the Colorado Division of Securities; the City and County of Denver; and Denver Police Officers Alfredo Ybarra, Robert Rock, Mark Dalvit, Robert Freund, Kelly Ohu, Sharon Hughes, Brian Crame, Mike Schwartz, Mark Beveridge, Joshua Valerio, Troy Edwards, Carrie Maestas, Ruben Rojas, David Iverson, Erik Reidmuller, Matthew Grimsley, Mark Schonk, Matthew Church, David Smith, Kevin Frazer and Brian Gordon

[3]One of my recommendations is being issued contemporaneously with this recommendation.  The other recommendation [Doc. #132] was adopted by the district judge on July 20, 2009 [Doc. #154].  These recommendations provide an in-depth explanation of Younger abstention and its underlying policy.

> such as injunctions of important state proceedings or declaratory
> judgments regarding constitutional issues in those proceedings--
> when a state forum provides an adequate avenue for relief.
> Younger abstention is non-discretionary; the district court must
> abstain once the conditions are met, absent extraordinary
> circumstances. As [the] court stated in Amanatullah [v. State Bd.
> Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when:
> (1) there is an ongoing state criminal, civil, or administrative
> proceeding, (2) the state court provides an adequate forum to hear
> the claims raised in the federal complaint, and (3) the state
> proceedings "involve important state interests, matters which
> traditionally look to state law for their resolution or implicate
> separately articulated state policies.

Weitzel v. Div. of Occupational and Prof'l Licensing., 240 F.3d 871, 875 (10th Cir. 2001) (internal citations omitted).

The Younger doctrine applies regardless of whether the plaintiff is seeking injunctive, declaratory, or monetary relief. D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004).

On or about February 28, 2008, the trial court dismissed all of the charges against the plaintiff after determining that his right to a speedy trial had been violated. *Complaint*, p. 25, ¶¶ 1-2; *Defendant Babcock's Motion to Dismiss or Abstain* [Doc. #81], p. 3; *Denver Defendants' Motion to Dismiss or Abstain* [Doc. #164], p. 1. The Denver District Attorney appealed the dismissal of the charges, and the case remains pending in the Colorado Court of Appeals. *Defendant Babcock's Motion to Dismiss or Abstain* [Doc. #81], p. 3; *Denver Defendants' Motion to Dismiss or Abstain* [Doc. #164], p. 2; *Response to Motion to Dismiss* [Doc. #172], p. 2. Thus, the first Younger factor has been met.

The second factor is whether the state court provides an adequate forum to hear the claims raised in the federal complaint. The plaintiff's remaining claims against Joyce and McQueen are for alleged constitutional violations based on fabricating evidence to establish probable cause for search warrants; fabricating evidence for the purpose of establishing probable cause "to illegally procure evidence and further an investigation through the statutory Denver Grand Jury" and to "illegally and unconstitutionally detain Plaintiff against his liberty"; placing spurious liens on the plaintiff's property; "assisting and supervising illegal imprisonment, unconstitutional searches of Plaintiff's residence and office, continued confinement and committing perjury to the grand jury"; conspiring to cause the plaintiff's arrest, prosecution, and pre-trial detention; conspiring to withhold exculpatory evidence and imprison the plaintiff with fabricated evidence; and misrepresenting material facts to the Denver District Court.

The plaintiff asserts the same claims against the state defendants, and he was unable to demonstrate that the state court does not provide an adequate forum to hear those claims. Moreover, the record does not contain any evidence which would demonstrate that the plaintiff cannot raise his constitutional concerns if the case is remanded to the trial court for further proceedings.

As to the third factor, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49

(1986). Thus, all of the Younger factors are met, and the plaintiff's constitutional claims are barred by the Younger abstention doctrine.[4]

Where a plaintiff asserts equitable claims and damage claims which are barred by the Younger abstention doctrine, the district court should dismiss the equitable claims. Meyers v. Garff, 876 F.2d 79, 80-81 (10th Cir. 1989). Where the federal claims for monetary relief would have a preclusive effect on the pending state proceeding, the court should not dismiss the action altogether. Rather, the court should stay the federal proceedings on the damage claims to preserve the availability of the federal forum for claims which may otherwise run afoul of the relevant statute of limitations. Id.; Deakins v. Monaghan, 484 U.S. 193, 202-203 (1988); D.L. v. Unitifed School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004); Parkhurst v. State of Wyoming, 641 F.2d 775, 776-77 (10th Cir. 1981). A finding in this case that defendants Joyce and McQueen violated the plaintiff's constitutional rights would have a preclusive effect in the state court proceeding. Therefore, the damage claims must be stayed pending finality of the state proceeding.

Accordingly, the plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for equitable relief should be dismissed without prejudice and the plaintiff's

---

[4] I am aware that the Younger abstention doctrine does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85 (1971). See also Younger, 401 U.S. at 54 (creating exception on "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997). "[I]t is the plaintiff's heavy burden to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889. On the record before me, there is no evidence that any of these exceptions apply.

constitutional claims against Joyce and McQueen in their individual capacities for monetary damages should be stayed until the state proceeding is final.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks the following:

1. DISMISSAL WITH PREJUDICE of all state law tort claims against Joyce and McQueen for failure to name the proper defendant and failure to exhaust administrative remedies; and

2. DISMISSAL WITH PREJUDICE of the constitutional claims (Claims One, Two, Four, Five, Six, and Nine) as against the defendants in their official capacities for lack of subject matter jurisdiction.

I further RECOMMEND that the plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for equitable relief be DISMISSED WITHOUT PREJUDICE and that the plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for monetary damages be STAYED until the state proceeding is final.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

       Dated January 28, 2010.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge