IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity
    acting under color of law,
JOE MORALES, Deputy District Attorney, individually and in his official capacity acting
    under color of law,
KENNETH LAFF, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
DAVID KARPEL, Assistant District Attorney, individually and in his official capacity acting
    under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her
    official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity
    acting under color of law, .
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting
    under color of law,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under
    color of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity
    acting under color of law,

JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
MICHAEL MARTINEZ, Denver District Court Judge, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,
UNKNOWN AGENT, Accredited Insurance, individually and in their official capacity as insurance provider for Jostee Bail Bonds, LLC.,

Defendants.

---

# ORDER

---

This case is before me on two separate Recommendations of the Magistrate Judge (Docs 176 and 177) issued and served on January 28, 2010.

In Doc 176, the Magistrate Judge addresses: (1) Denver Defendants' Motion to Dismiss State Law Claims (Doc 107) (the State Law Motion); and (2) Denver Defendants'

Motion to Dismiss or Abstain (Doc 164) (the Federal Law Motion). The Magistrate Judge recommends that the State Law Motion be granted and all state law tort claims against the Denver Defendants be dismissed with prejudice for failure to comply with the notice requirements of the CGIA. He further recommends that the Federal Law Motion be granted insofar as it seeks dismissal without prejudice of Plaintiff's constitutional claims for equitable relief, granted to the extent it seeks a stay of Plaintiff's constitutional claims for monetary damages until the state proceeding is final, and denied in all other respects. The Magistrate Judge finally recommends that the Denver Defendants be directed to provide the Court with quarterly reports on the status of the pending state action.

In Doc 177, the Magistrate Judge addresses the Motion to Dismiss by Defendants Joyce and McQueen (Doc 120). There the Magistrate Judge recommends that the motion be granted insofar as it seeks: (1) dismissal with prejudice of all state law tort claims against Joyce and McQueen for failure to name the proper defendant and failure to exhaust administrative remedies; and (2) dismissal with prejudice of the constitutional claims (Claims 1, 2, 4, 5, 6, and 9) as against these Defendants in their official capacity for lack of subject matter jurisdiction. The Magistrate Judge further recommends that Plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for equitable relief be dismissed without prejudice and Plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for monetary damages be stayed until the state proceeding is final.

Plaintiff has filed timely written objections to the Magistrate Judge's recommendations. Defendants have filed their response to the Plaintiff's objections. I have therefore reviewed the objections *de novo* in light of the file and record in this case. On

3

such review, I conclude that the recommendations are correct. Accordingly

IT IS ORDERED as follows:

(1) Denver Defendants' Motion to Dismiss State Law Claims (Doc 107) (the State Law Motion) is GRANTED and all state law tort claims against the Denver Defendants are DISMISSED WITH PREJUDICE for failure to comply with the notice requirements of the CGIA;

(2) Denver Defendants' Motion to Dismiss or Abstain (Doc 164) (the Federal Law Motion) is GRANTED insofar as it seeks dismissal without prejudice of the Plaintiff's constitutional claims for equitable relief, GRANTED to the extent it seeks a stay of the Plaintiff's constitutional claims for monetary damages until the state proceeding is final, and DENIED in all other respects;

(3) The Denver Defendants are directed to provide the Court with quarterly reports on the status of the pending state action;

(4) The Motion to Dismiss by Defendants Joyce and McQueen (Doc 120) is GRANTED insofar as it seeks dismissal with prejudice of all state law tort claims against Joyce and McQueen for failure to name the proper Defendant and failure to exhaust administrative remedies and constitutional claims 1, 2, 4, 5, 6, and 9 are dismissed with prejudice against these Defendants in their official capacities for lack of subject matter jurisdiction; and

(5) Plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for equitable relief are dismissed without prejudice and Plaintiff's constitutional claims against Joyce and McQueen in their individual

4

capacities for monetary damages are STAYED until the state proceeding is final.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: March 15, 2010