IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02269-LTB-BNB

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
ALFREDO YBARRA, Denver Police Detective, individually and in his official capacity acting
    under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ROBERT FREUND, Denver Police Detective, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under color
    of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under
    color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
    under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting
    under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
    under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under
    color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under
    color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting
    under color of law,

MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,
UNKNOWN DENVER DISTRICT COURT CLERK, Denver District Court Clerk, individually and in their official capacity acting under color of law,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises in connection with my Order to Show Cause dated April 23, 2010 [Doc. #186]. On March 15, 2010, the court issued an order granting in part the Denver Defendants' motion to dismiss [Doc. #182]. The order was mailed to the plaintiff, Mr. Glaser, at his address of record at 144 Old Meadow Way, Palm Beach Gardens, FL, 33418. Id. The envelope addressed to Mr. Glaser was returned as undeliverable [Doc. #184].

I ordered the plaintiff to show cause in writing and on or before May 3, 2010, why the Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and for failure to prosecute pursuant to D.C.COLO.LCivR 41.1. I warned the plaintiff that his failure to respond to the Order to Show Cause on or before May 3, 2010, would result in my recommendation that the Complaint be dismissed in its entirety. The plaintiff did not respond to the Order to Show Cause, and the envelope containing the Order to Show Cause was returned as undeliverable [Doc. #187].

Mr. Glaser's last filing in this case was received on February 11, 2010 [Doc. #178]. The court has not received a notice of change of address from Mr. Glaser as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since February 11, 2010. It appears that Mr. Glaser has lost contact with the Court, lost interest in this case, or both.

Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the Complaint and this action be DISMISSED due to the plaintiff's failure to keep the Court informed of his current addresses in violation of D.C.COLO.LCivR 10.1M and failure to prosecute in violation of D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 4, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge